UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:17cv165-FDW

| | |
|---|---|
| DAVID MICHAEL WILSON, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>CYNTHIA D. THORTON, )<br>)<br>Respondents. )<br>_____) | **ORDER** |

**THIS MATTER** is before the Court upon Petitioner David Michael Wilson's pro se Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) Also before the Court is Petitioner's Motion to proceed in forma pauperis. (Doc. No. 2.)

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts directs district courts to examine habeas petitions promptly. Rule 4, 28 U.S.C.A. foll. § 2254. When it plainly appears from any such petition and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the petition. Id.

Petitioner is a prisoner of the State of North Carolina. This is his second § 2254 habeas petition. On May 19, 2017, Petitioner filed a § 2254 Petition, which the Court dismissed without prejudice for failing to comply with Rule 2 of the Rules Governing Section 2254 Cases. See Order, Wilson v. Thornton, No. 1:17-cv-00133-FDW (W.D.N.C. dismissed May 31, 2017), Doc. No. 3. Rule 2(c) requires a petitioner to specify all the grounds for relief available to him and to state the facts that support each ground for relief. Rule 2(c), 28 U.S.C.A. foll. § 2254. Because Petitioner merely listed a partial procedural history of his state proceedings, see Petition, id. at Doc. No. 1, it was impossible for the Court to determine whether Petitioner was entitled to any

1

relief.

The instant habeas Petition (Doc. No. 1) fairs no better.  Here, Petitioner initially failed to sign his Petition.  (Pet. 15, Doc. No. 1.)  The signature page was returned to him with instructions to sign it, but what he returned requires some deciphering.  As an initial matter, he signed both his and his attorney's name.  (Returned Sig. P. 1, Doc. No. 1-2.)  Additionally, he dated the Petition "December 12, 2011," while also declaring, under penalty of perjury, that he placed the signature page in the prison mail system on July 2, 2017.  (Returned Sig. P. 1.)

Moreover, Petitioner has again failed to comply with Rule 2(c) of the Rules Governing Section 2254 Cases.  Although this time he has written something down to indicate grounds for relief, his grounds consist of nothing more than conclusory statements (e.g. "There [was] no [evidence] at all no [penetration] no [bruises] around her [vagina]," "I am trying to get a new trial," and "Turn Down") that do not identify any constitutional violation(s).  (Pet. 5, 7, 8, Doc. No. 1.)  As with his previous § 2254, Petitioner does not include any facts from his case or trial to support relief.  In short, he has once again failed to supply sufficient information for the Court to determine whether he may be entitled to relief.

The Court will dismiss this second habeas Petition without prejudice, but Petitioner is forewarned that if he submits a third § 2254 petition that does not set forth specific grounds for relief or contain facts from his trial that support each ground for relief, the Court will review the petition on the merits.  In other words, the Court will assess the Petition as written and any dismissal will be with prejudice.

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) is **DISMISSED WITHOUT PREJUDICE**;

2. Petitioner's Motion to proceed in forma pauperis (Doc. No. 2) is **GRANTED** for the limited purpose of this Court's review; and

3. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: July 7, 2017

*Frank D. Whitney*
Frank D. Whitney
Chief United States District Judge